# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHARLES GAMBLE,

    Petitioner,

v.

STEPHEN JOHNSON, et al.,

    Respondents.

Civil Action No. 15-8358 (MAS)

**MEMORANDUM ORDER**

This matter has come before the Court on a Petition for Writ of Habeas Corpus by Petitioner Charles Gamble pursuant to 28 U.S.C. § 2254. Presently before the Court is Respondents' Motion to Dismiss (ECF No. 9), arguing that the Petition is untimely.

The Petition was originally filed on November 30, 2015. The Court administratively terminated the matter because Petitioner (1) did not use the court-approved form as required by Local Civil Rule 81.2(a); and (2) did not pay the required filing fee or seek to proceed in forma pauperis. (Order 1, Dec. 4, 2015, ECF No. 2.) The Court provided Petitioner thirty days to cure the defects. (*Id.* at 2.) Petitioner did not file an amended petition and seek to proceed in forma pauperis until May 8, 2017, almost a year and a half later. (*See* ECF No. 4.) The Court, nevertheless, granted Petitioner's request to proceed in forma pauperis and ordered Respondents to answer. (Order, Aug. 4, 2017, ECF No. 5.)

Respondents' Motion essentially argues that Petitioner should not receive the benefit of his original filing date and, instead, because Petitioner did not timely comply with the Court's initial order, the actual filing date should be the filing date of the amended petition, May 8, 2017. The initial order, however, provided that the case was administratively terminated and indicated that the administrative termination was "not a 'dismissal' for purposes of the statute of limitations,"

and "if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely[.]" (Order 1-2, Dec. 4, 2015.) As such, any timeliness determination treats the *original* filing date, November 30, 2015, as the operative date. According to the Motion, Petitioner exhausted his state court remedies on December 5, 2014, and there does not appear to be any gaps of time during Petitioner's proceedings for post-conviction relief that would have caused his statute of limitations to run. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]"). Hence, the Petition was filed within the one-year limitations period for § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Respondents' Motion, accordingly, is denied.

**IT IS** therefore on this 9th day of August, 2018,

**ORDERED** that Respondents' Motion to Dismiss (ECF No. 9) is **DENIED**;

**ORDERED** that Respondents shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order;

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b);

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant *federal* law;

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of their answer any appropriate defenses which they wish the Court to consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal

2

authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived;

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings;

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer;

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits;

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY";

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer (*see* Rule 5(e) of the Habeas Rules);

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk shall serve this Order on Petitioner by regular mail.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**