**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLES GAMBLE, | Civil Action No. 15-8358 (MAS) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| STEPHEN JOHNSON, et al., | |
| Respondents. | |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner Charles Gamble's ("Petitioner") Request for a Stay and Abeyance of his Petition under 28 U.S.C. § 2254, pending exhaustion of state court remedies. (ECF No. 13). For the reasons set forth below, the Court grants the Request for a Stay and Abeyance.

**I.   BACKGROUND**

On March 26, 2008, Petitioner was convicted of: conspiracy to commit murder, N.J.S.A. §§ 2C:11-3(a) and 2C:5-2; murder, N.J.S.A. § 2C:11-3(a); and possession of a weapon for an unlawful purpose, N.J.S.A. § 2C:39-4. *See State v. Gamble*, Indictment No. A-5811-07T4, 2010 WL 3516934, at *1 (N.J. Super. Ct. App. Div. Sept. 3, 2010); (*see also* Resp't Mot. to Dismiss, Ex. 1 at 2, ECF No. 9-1.) The New Jersey Superior Court, Appellate Division, affirmed, and the New Jersey Supreme Court denied certification on January 27, 2011. *State v. Gamble*, 12 A.3d 213 (N.J. 2011). On April 12, 2011, Petitioner filed a petition for post-conviction relief ("PCR") in New Jersey state court, raising claims of ineffective assistance of trial counsel, in addition to a number of other claims. (*See* Resp't Mot. to Dismiss, Ex. 1 at 3, 11.) The PCR court denied the

petition and the Appellate Division affirmed. *See State v. Gamble*, Indictment No. A-1391-12T1, 2014 WL 3014823 (N.J. Super. Ct. App. Div. July 7, 2014). The New Jersey Supreme Court denied certification on December 5, 2014. *State v. Gamble*, 103 A.3d 268 (N.J. 2014).

Petitioner submitted his § 2254 Petition to this Court on or about November 30, 2015. (Pet., ECF No. 1.) The Court administratively terminated the case because Petitioner did not: (1) use the proper form; and (2) prepay the filing fee or apply to proceed in forma pauperis. (ECF No. 2.) Petitioner filed an Amended Petition on or about May 8, 2017. (Am. Pet., ECF No. 4.) Respondents filed a motion to dismiss the Amended Petition as untimely, which this Court denied. (Mem. Order, ECF No. 10.) On or about September 13, 2018, Petitioner filed correspondence requesting a stay of his habeas proceedings pending exhaustion of claims raised in a second PCR petition in state court, filed on September 24, 2014. (Sept. 13, 2018 Letter, ECF No. 11.) In the correspondence, Petitioner lists the unexhausted claims, and asserts that he was unable to raise these claims in his Amended Petition because they are unexhausted. (*Id.* at 1.) Petitioner also asserts that his failure to exhaust these claims "were the result of ineffective assistance of first PCR counsel." (*Id.*) For the purposes of this Opinion, the Court will construe the Amended Petition and the correspondence containing Petitioner's unexhausted claims together, as one all-inclusive petition for habeas relief.

## II. ANALYSIS

The Amended Petition, construed with the correspondence containing unexhausted claims, constitutes a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509 (1982), because it contains both exhausted and unexhausted claims. *Id.* at 510, 522. When presented with a mixed petition, a court may, in certain circumstances, grant a stay to permit the petitioner to exhaust state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005). Before granting such a stay, "a Court must

consider three main factors: a showing of good cause, the presence of potentially meritorious claims, and the presence or absence of intentionally dilatory tactics." *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) (citing *Rhines*, 544 U.S. at 277-78).

Petitioner requests a stay of his habeas proceedings in order to exhaust eight issues pending before the state court in his second PCR proceeding: (1) ineffective assistance of PCR counsel for failure to incorporate claims on PCR; (2) ineffective assistance of trial counsel for "failure to issue a subpoena for 'Andre Askew' who was going to testify proclaiming the Petitioner's innocence he signed in [a] sworn affidavit" [sic]; (3) ineffective assistance of PCR counsel for "failure to follow-up on an[] affidavit from [P]etitioner's co-defendant 'Issiah Thomas' clearing the Petitioner's name in the charged homicide"; (4) ineffective assistance of PCR counsel for "failure to raise ineffective assistance claim against Petitioner's trial counsel for not honoring the judge's request for a limited instruction to be read to the jury concerning inflammatory references to Petitioner's alleged gang membership"; (5) ineffective assistance of PCR counsel for "failure to raise ineffective assistance claim against Petitioner's trial counsel for not requesting Judge Villiano (Sentencing Judge) to recuse herself from sentencing Petitioner, due to the fact that she had a conflict of interest with him stemming from representing him as a juvenile"; (6) ineffective assistance of PCR counsel for "failure to not get foot prints tested"; (7) ineffective assistance of PCR counsel for "failure to disclose all the discovery to the Petitioner so he could assist with preparation of P.C.R. claims"; and (8) ineffective assistance of trial counsel for failure to inform Petitioner "as to the overall sentencing exposure if he lost at trial, which did not allow him to properly evaluate the state's plea offers[.]" (Sept. 13, 2018 Letter 2-3.)

The majority of the above-listed claims relate to the alleged ineffective assistance of PCR counsel, which this Court is not permitted to consider. *See* 28 U.S.C. § 2254(i); *see also Coleman*

3

*v. Thompson*, 501 U.S. 722, 752 (1991) ("[A] petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings."). The limited exception to this rule is in *Martinez v. Ryan*, 566 U.S. 1 (2012), in which the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Here, the Court may be able to construe claims four and five, listed above, as part of a claim of ineffective assistance of trial counsel. Namely, the Court could construe that Petitioner failed to raise certain ineffective assistance of trial counsel claims at his first PCR proceeding because of the alleged ineffective assistance of his PCR counsel.[1] The Court, accordingly, finds that Petitioner satisfies the "good cause" requirement under *Rhines* to issue a stay. *See Suarez v. Johnson*, No. 17-2767, 2017 WL 5157392, at *3 (D.N.J. Nov. 7, 2017) (finding *Martinez* sufficient to establish "good cause" to stay a habeas petition under *Rhines*); *see also Hreniuk v. Balicki*, No. 11-52, 2013 WL 1187107, at *2 (D.N.J. Mar. 21, 2013). Furthermore, the Court does not find that claims four and five are "plainly meritless" or that Petitioner is employing his state litigation as a means of delay. The Court, therefore, finds a stay is warranted.[2]

## III. CONCLUSION

For the reasons set forth above, Petitioner's Request for a Stay and Abeyance is granted. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: January 29th, 2019

---

[1] The Court may also be able to construe claims two and eight in a similar manner.

[2] The Court recognizes that most of Petitioner's remaining unexhausted claims are insufficient to meet the requirements under *Rhines*. The Court, nevertheless, will grant the stay based on claims four and five and will permit Petitioner to exhaust the claims raised in his second PCR.

4